STATE OF IOWA, Appellee, v. ED. McCLAIN, Appellant.

**Criminal law:** COPY OF INDICTMENT: EVIDENCE.  Where defendant's
1   counsel, though not the one who tried the case, was furnished
    with a copy of the indictment and minutes of evidence taken
    before the grand jury, an objection to the evidence of a witness offered on the trial whose name was endorsed on the
    indictment, because such copies were not furnished the trial
    attorney, was properly overruled.

**Filing of indictment:** WITHDRAWAL BY COUNTY ATTORNEY: PREJUDICE.
2    Where it appeared that one of defendant's counsel was furnished with a copy of the indictment and minutes of evidence before the grand jury, and the other attorney might have had a copy by calling for it, no prejudice arose by reason of the fact that the county attorney took the original indictment from the clerk's office, where, in contemplation of law, it should remain.

**Evidence:** OBJECTION: FINDING OF TRIAL COURT. Objection to the
3    evidence of a witness whose name is endorsed on an indictment, is not the proper means of enforcing an alleged agreement to offer no evidence, except that of which statutory notice was given: and the court's finding, where supported by the evidence, that no such agreement was made, will not be disturbed on appeal.

**Possession of stolen property:** INSTRUCTION. Where defendant
4    offered no explanation of his possession of stolen property, refusal to instruct on the subject was not error.

*Appeal from Polk District Court.*— HON. W. H. MC-HENRY, Judge.

WEDNESDAY, MARCH 7, 1906.

INDICTMENT for the larceny of a watch. Verdict and judgment of guilty, and defendant appeals.— *Affirmed.*

*Spurrier, Mills & Perry,* for appellant.

*Charles W. Mullan,* Attorney General, *Lawrence De Graff,* Assistant Attorney General, and *Jesse A. Miller,* County Attorney, for the State.

DEEMER, J.— When the case was called for trial, defendant objected to the testimony of the first witness sworn, because (1) no copy of the minutes of the testimony was ever filed in the office of the clerk of the court; (2) no copy of the same was ever given the defendant, although demanded by him; (3) because the clerk refused to give him a copy of the minutes of the testimony; (4) because the county attorney refused to furnish him therewith, and (5)

because he had no information as to what the witness against him would testify to. Defendant's counsel thereupon offered to make proof of these facts. The county attorney thereupon made a professional statement denying that he had failed to furnish a copy of the minutes of the testimony; and further stated that if defendant's counsel had requested a copy it would have been furnished him or them. A witness was then called, who testified that a copy of the minutes of the testimony on which the indictment was founded was filed with the clerk of the court, and that one of defendant's counsel obtained the same from the clerk. It also appears from this witness' testimony that the original indictment with minutes attached was filed with the clerk; that the same was in the clerk's office a part of the time since it was returned, and in the possession of the county attorney from March 9, 1905, down to the time of trial, in May of the same year. On this showing the trial court overruled defendant's objections to the testimony of the witness.

When defendant came to the introduction of his testimony he made a further showing with reference to this matter, the object of which is not very clear, for he did not move for a continuance, nor did he move to strike the testimony of any of the witnesses. This showing was that defendant's wife employed counsel for him shortly after his indictment; that this counsel received a copy of the indictment with minutes of the testimony attached; that he arranged for bail for defendant, and thereafter had nothing more to do with the case, for the reason that his fees were not paid as agreed. Thereafter defendant's present counsel were employed, and they went to the clerk's office to get a copy of the indictment and minutes attached, and found that it was in possession of the county attorney. They obtained a copy of the indictment, but did not get a copy of the minutes of the testimony. This they did not get because, as they claim, the county attorney said to them that he did not intend to use any of the witnesses before the grand jury, but was going

to rely upon testimony of which notice had been or would be given. The witness who was first examined was before the grand jury, but his name was not included in the notice given of the introduction of additional testimony. Counsel also say that, relying upon the statement of the county attorney, they went to trial believing that the first witness called would not be used against them. The name of this first witness was indorsed on the back of the indictment, and he was before the grand jury, and minutes of his evidence were made and returned with the indictment.

It should also be said that most of the testimony as to defendant's failure to get a copy of the minutes of the testimony of witnesses used before the grand jury from the county attorney was hearsay and inadmissible; but there is direct evidence as to the declaration of the county attorney about what testimony he should use upon the trial. The county attorney, in his professional statement, which has the same sanctity as an oath, denied that he said to counsel that he did not intend to use any of the testimony taken before the grand jury, and further stated that, if counsel had called upon him for a copy of the minutes of the testimony, they would have been furnished it.

As defendant's counsel did not move for a continuance or postponement of the trial, and as the witness's name was indorsed on the back of the indictment and a copy of the minutes of the testimony taken before the grand jury was furnished one counsel for defendant, we have but one question before us, and that is: Should the court have sustained the objection to the testimony of the first witness offered by the State? If so, such ruling must have been based upon one of two grounds: First, that the indictment, with minutes attached was removed from the clerk's office in March, and kept by the county attorney until the trial May 4th; or, second, because of the alleged agreement or declaration of the county attorney as to what testimony he intended to rely upon.

There is no doubt that defendant, through his counsel, had two correct copies of the indictment, each of which showed the name of the witness indorsed thereon; and that he also had one copy of the minutes of the tes-

1. CRIMINAL LAW: copy of indict- timony taken before the grand jury. This is ment: evidence all he was entitled to under the statute. . Code, section 5277.

Section 5276 provides that the indictment and minutes of evidence shall be filed with the clerk, and remain in his office as of record. This statute was not literally complied with; for the county attorney took the same

2. FILING OF INDICTMENT: after they had been filed and kept them for withdrawal by county attor- two months just prior to the trial. Whatever ney: prejudice may be said of such practice, no prejudice is shown; for defendant had two copies of the indictment and one of the minutes, and if his counsel had called for another copy of the minutes it would have been furnished him or them.

The main complaint is the alleged violation by the county attorney of his agreement or statement to the effect that he would not use any testimony, save that of which he

3. EVIDENCE: ob- gave defendant notice, and that he gave no jection: find- ing of trial notice of this first witness's testimony. The court. trial court, on the conflict of testimony regarding this matter, was justified in finding that the county attorney made no such agreement or statement; and such finding we, as an appellant tribunal, should not question. But, even if such statement were made, defendant's remedy was not by objection to the witness' testimony; for, under the statute, his testimony was admissible. 'Code, section 5373. Motion to continue or postpone was the only remedy available to defendant. Defendant had everything he was entitled to by statute, unless it be the right to have the indictment and minutes of the testimony constantly on file in the clerk's office. As to this he suffered no possible prejudice, because of the fact that he had received copies of

the indictment and of the minutes of the testimony upon which the indictment was found. Indeed, his complaint now is the alleged breach of an agreement or misrepresentations on the part of the county attorney. Of this he cannot avail himself, because he did not adopt the proper remedy.

II. There was ample testimony to support the verdict returned. Indeed, the jury would have been derelict in its duty had it not returned a verdict of guilty on the testimony adduced. We shall not set this out, as nothing is to be gained from a recitation thereof.

III. The instruction as to aiding and abetting was in the usual form and not erroneous, as contended by appellant's counsel.

IV. Possession of the stolen property by the defendant shortly after the commission of the offense was a circumstance tending to show his guilt, and the jury was so instructed; but the court refused to give one as to the effect of defendant's explanation as to how he came to have it. As he attempted no explanation, the instruction asked did not meet any testimony in the case, and there was no error. Moreover, as the trial court simply directed the jury to consider the possession of the watch as a circumstance, which, with other circumstances, were to be considered in determining defendant's guilt, and did not give the usual one regarding the presumption ordinarily arising from the recent possession of stolen property, and as defendant made no attempt to explain his possession to any one, there was no error of which defendant may justly complain. Even had there been some sort of explanation, we should not feel like reversing the case for failure to give the instruction asked.

There is no prejudicial error in the record, and the judgment is *affirmed.*